21-116-cr
*United States v. Aponte*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand twenty-two.

PRESENT:  John M. Walker, Jr.,
Steven J. Menashi,
Eunice C. Lee,
         *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

        *Appellee,*

   v.                                                        No. 21-116

HECTOR APONTE,

        *Defendant-Appellant.*

———————————————————————————

*For Appellee*:                                  TIFFANY H. LEE, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

*For Defendant-Appellant*:           TIMOTHY P. MURPHY, Federal Public Defender's Office, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Siragusa, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the appeal is **DISMISSED AS MOOT**.

Hector Aponte appeals the denial—by the United States District Court for the Western District of New York—of his motion for compassionate release. We assume the parties' familiarity with the underlying facts and procedural history.

On March 10, 2022, we remanded Aponte's case "to the district court for the limited purpose of clarifying whether Aponte's transfer to a new facility affect[ed] [the court's] reasons for denying his motion for compassionate release." Order, *United States v. Aponte*, No. 21-116, ECF No. 57 (2d Cir. Mar. 10, 2022). The district court issued an order stating that it had "received no further communication from Aponte since it denied his motion, and therefore has no information about his

2

current location with the Bureau of Prisons or his current conditions of confinement." Order, *United States v. Aponte*, No. 6:09-CR-6036, ECF No. 158 (W.D.N.Y. March 21, 2022). The district court ordered that Aponte "must file and serve a response containing that information on or before April 15, 2022" if he "wishe[d] to apprise the Court of his current location and conditions of confinement." *Id.* After the court extended Aponte's deadline to respond, Aponte filed a response indicating that he had been released from the physical custody of the Bureau of Prisons, he was on supervised release, and he was no longer seeking compassionate release based on his previous motion. Response, *United States v. Aponte*, No. 6:09-CR-6036, ECF No. 161 (W.D.N.Y. April 25, 2022). The district court then clarified to this court "that Aponte's transfer to a new facility does not affect the Court's reasons for denying his motion for compassionate release." Order, *United States v. Aponte*, No. 6:09-CR-6036, ECF No. 162 (W.D.N.Y. June 8, 2022). The district court further explained "that the issue upon which the matter was remanded to this Court is now moot." *Id.*

We agree. Now that Aponte has been released from custody and no longer seeks compassionate release, his appeal is moot. Accordingly, we **DISMISS** the appeal as **MOOT**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court